UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL DAVIS, | : | CIVIL ACTION NO. 3:CV-17-0559 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| TIMOTHY PFIRMAN, | : | |
| Defendants | : | |

## ORDER

Plaintiff, Wendell Davis, an inmate confined in the Federal Correctional Institution, Coleman, Florida, filed the above captioned civil rights action pursuant to 28 U.S.C. § 1331. The Plaintiff alleges that the named Defendant have provided him with inadequate medical treatment. Currently pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 23). For the following reasons, the Court will deny the motion.

**Discussion**

The Court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated

that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or here own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). In a recent, non-precedential decision, Gordon v. Gonzalez, No. 04-04623, 2007 WL 1241583, at *2 n.4 (3d Cir. Apr. 30, 2007), the Third Circuit added two (2) other factors to be

2

taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area.

As an initial matter, the complaint appears to have arguable merit. However, Davis fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Davis demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively simple and will not require expert testimony. Furthermore, investigation of the facts does not seem beyond Davis' capabilities. Finally, we note that this Court does not have a large group of lawyers at its disposal to appoint as counsel in actions such as this, nor are we confident that we could find an attorney who would represent this action in a pro bono capacity.

Based on the foregoing, it does not appear that Davis will suffer prejudice if forced to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Hence, the court will deny Davis' motion for appointment of counsel. In the event, however, that future proceedings

demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Plaintiff.

**AND NOW, THIS 7th DAY OF JUNE, 2018, IT IS HEREBY ORDERED THAT:** Plaintiff's motion for appointment of counsel, (Doc. 23), is **DENIED**.

    /s/ William J. Nealon
**United States District Judge**